Moncure, J.
delivered the opinion of the court.
The court is of opinion that the Circuit court did not err in recommitting the commissioner’s report, with liberty to the parties to take further evidence, instead of dismissing the bill on the one hand, or confirming the report and decreeing accordingly on the other. First, it would have been wrong to have dismissed the bill; because, even if it were conceded that the contract alleged in the answer was clearly proved, and there was no evidence to impeach its fairness, and that it was a valid contract, the arrears of the pension, though the chief, were not the only subject in controversy; and, independently of that, the appellees were entitled to have a settlement of the appellant’s administration account. And as to that subject, they were entitled to have a further opportunity, if they deemed it material, to impeach the fairness of the alleged contract, by evidence to be exhibited before the commissioner or the court. The bill was filed in March 1845, and not being answered, the cause was set down for hearing in October 1845. In May 1846 the answer was filed, to which there was a general replication. In October 1846 the cause was heard, and a decree rendered for an account of the administration. The commissioner, after giving the usual notice to the parties, settled the account, and, on the 17th of April 1847, returned his report. The only evidence in behalf of the appellant consisted of the depositions of Hord and Sowden, which were taken and filed after the report was returned, and shortly before its recommitment. The most that he could claim under these circumstances was an order of recommitment; which, in fact, was all that he did claim. In his affidavit filed in court the day before the report was recommitted, after stating the grounds of his excuse for not having produced his vouchers and witnesses before the commissioner, or sooner taken his *535 evidence in the cause, he asks only “ that the cause may be continued and the account recommitted.” And each of the three exceptions taken by him to the report, points to its recommitment and not to the dis-mission of the bill as the appropriate and expected mode of relief against the errors complained of. To have dismissed the bill, therefore, would not only have been a surprise on the appellees, but would have given to the' appellant a measure of relief which he neither expected nor had any right to expect. Secondly, it would have been wrong to have confirmed the report and rendered a decree thereon ; for, though the appellant appears not to have used as much diligence in making his defence as he ought, still the reasons assigned in his affidavit for the recommitment of the report were sufficient for that purpose.
But the court is further of opinion that when the decree of recommitment was. rendered it was premature to render a decree against the appellant in favor of the appellees for five hundred dollars or any other sum of money.
What has been said disposes of all the errors assigned by the appellant but the fourth, which is, that “ the plaintiffs furnished no proof that the wife of the intestate was dead.” It is not stated in the answer that she was alive, nor is she in any manner referred to therein; though proof is demanded of the allegations in the bill that Elizabeth Dawson was the only child and heir of the said intestate, and that Bernard Dawson was her husband; which allegations were afterwards accordingly proved. The appellant exhibited no evidence to prove that the wife of the intestate was alive, nor is there any such evidence in the record. The appellees’ witness Stonnell. states that the intestate was a married man, but not that he was a married man at the time of his death; and the marriage was obviously mentioned only in reference to the *536 issue of the marriage as to which the witness testified. In this state of the case the presumption was, that the wife of the intestate was not living at the time of his death.
Therefore, without expressing any opinion as to the proof, validity or effect of the contract aforesaid, or upon the question whether, according to the acts of congress in reference to pensions, the arrears of the said pension received by the appellant can be considered as part of the assets of his said intestate, or are liable to' be applied to the payment of his debts, (no such question having been passed upon by the court below,) so much of the decree of the 20th day of May 1847 as recommitted the commissioner’s report, with liberty to the parties to take further evidence, is affirmed, and the residue thereof and the decree of the 22d of May 1847 are reversed, with costs to the appellant; and the cause is remanded to the Circuit court for further proceedings to be had therein.
Allen, J. dissented. He thought the decree should be affirmed.
Decree reversed.